IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANNIE MAE SMITH                                                              PLAINTIFF

VS.                                                                 CAUSE NO. 4:07CV13

WAL-MART STORES, INC.                                                       DEFENDANT

**ORDER**

This cause comes before the court on the motion of plaintiff Annie Mae Smith to remand this case to the Circuit Court of Leflore County. Defendant Wal-Mart Stores, Inc. has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

This is a slip and fall action arising out of injuries allegedly suffered by plaintiff on May 11, 2001 when she stepped in a hole in the garden products area of the Greenwood Walmart store. Plaintiff filed suit in Leflore County Circuit Court on May 2, 2004, and, on January 16, 2007, the case was removed to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. It is undisputed that complete diversity exists among the parties, and it is now clear that plaintiff is seeking to recover in excess of the jurisdictional amount. It is also clear, however, that defendant failed to remove this case within one year of the filing of the original complaint, as required by 28 U.S.C. § 1446(b).

The question for the court's resolution is whether an equitable exception to the one-year limitations period applies in this case, based on the Fifth Circuit's decision in *Tedford v. Warner*

*Lambert Co.*, 327 F.3d 423, 427 (5th Cir. 2003). In *Tedford*, the Fifth Circuit concluded that the plaintiff's "forum manipulation justifies application of an equitable exception in the form of estoppel." In *Tedford*, the Fifth Circuit found that the plaintiff had engaged in the following acts of forum manipulation:

> [The plaintiff] amended her complaint to add her own physician hours after learning of Warner-Lambert's intent to remove. Then, [the plaintiff] signed and post-dated the Notice of Nonsuit of Dr. DeLuca prior to the expiration of the one-year period, but did not file the document with the court or notify [defendant] until after the one-year anniversary of the filing of the complaint.

*Tedford*, 327 F.3d 427-28. The plaintiff in *Tedford* thus took manipulative and seemingly fraudulent steps in order to ensure that the one-year limitations period expired in that case.

Defendant contends that the plaintiff in this case took similarly manipulative steps, by leading it to believe that she sought less than $75,000 in damages, only to amend her complaint to seek well in excess of this amount as trial approached. The potential for plaintiffs to engage in manipulation in connection with the amount in controversy requirement has not gone unnoticed by federal courts. While the Fifth Circuit has stated that a plaintiff who pleads damages less than the jurisdictional amount can "generally" bar a defendant from removal, *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), the court has noted that it has "remained vigilant to the potential for manipulation by the plaintiff who prays for damages below the jurisdictional amount even though he knows that his claim is actually worth more." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).

The potential for manipulation by a plaintiff is even greater in states such as Mississippi, where the rules of civil procedure do not limit a plaintiff's recovery to the amount pled in the complaint. In *Craft v. First Family Financial Services,* 2003 WL 1801038 at 2, n. 4 (S.D. Miss.

2003), Judge Lee noted that manipulation by plaintiffs was a matter of concern in view of Mississippi Rule of Civil Procedure 54(c), which provides that

> every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled by the proof and which is within the jurisdiction of the court to grant, even if the party has not demanded such relief in his pleadings; however, final judgment shall not be entered for a monetary amount greater than that demanded in the pleadings or amended pleadings.

Judge Lee further observed in *Craft* that:

> Since plaintiff's pleadings could be amended at the close of trial, and even after a jury verdict, to conform to the evidence presented and/or to the jury's verdict, then it would seem that Mississippi's procedural rules do not foreclose the kind of jurisdictional manipulation that these principles are designed to guard against.

*Id.* Judge Lee's concerns were far from groundless, as evidenced by the 2004 Mississippi Supreme Court decision of *Wilson v. GMAC.*, 883 So. 2d 56 (Miss. 2004).

In *Wilson*, Mississippi district courts remanded the case *twice* based upon a plaintiff's sworn affidavit, before two separate federal district judges, that she did not "seek" in excess of $75,000 against defendant GMAC. Following the second remand, a state court jury awarded the plaintiff $2,500,000 in damages, and the trial court immediately reduced the verdict to $75,000, consistent with the plaintiff's affidavit. *Wilson*, 883 So. 2d at 59-60. The plaintiff then filed a motion to alter or amend the final judgment, so as to allow her to accept the jury's full verdict. The plaintiff argued before the Supreme Court "that 'seek' and 'recover' are very different terms, thereby not precluding her from recovering the jury award of $2,500,000 despite her affidavit to not seek in excess of $75,000 against GMAC." *Id.* at 60. The Supreme Court in *Wilson* affirmed the trial court's denial of the plaintiff's motion to amend, although the court found it unnecessary to consider the estoppel issues arising from the plaintiff's affidavit and reached its decision on other grounds.

3

While the Supreme Court thus prevented the plaintiff in *Wilson* from recovering contrary to her affidavit, her actions have not gone unnoticed by Mississippi district judges. For example, in *Byers v. Akins*, No. 2:04cv313 (N.D. Miss. 2005), this court considered a motion to remand in a case where the plaintiffs' complaint contained language seeking an indeterminate amount of damages, but where counsel for plaintiffs had filed an affidavit affirming that plaintiffs would not seek recovery in excess of $74,000. Noting the *Wilson* decision, this court granted the motion to remand but included language by which it sought to ensure that the plaintiffs would neither seek nor *recover* in excess of the amount stated in their affidavit. Specifically, this court wrote as follows:

> If plaintiffs should wish to preserve **any right whatsoever** to recover damages, under any scenario, in excess of $74,000, then they should notify this court within ten days of its order, so that it may reconsider its ruling remanding this case. The court would further caution plaintiffs and their counsel that if they should later attempt to circumvent this court's order in the manner done by plaintiff's counsel in *Wilson v. GMAC,* 883 So. 2d 56 (Miss. 2004), then such will be dealt with by this court as contempt. The court has no reason to suspect that plaintiffs or their counsel would, in fact, attempt to circumvent this court's order, and the court cites this authority merely to make its position on this issue clear.

*Byers*, slip op. at 2. This court thus granted the motion to remand but made it clear that its ruling was expressly based on an understanding that the plaintiffs' affidavit committed them to recovering no more than $74,000 and it gave them ten days to notify the court if this understanding was in error.

While the aforementioned cases are not directly on point here, they do make it clear that, under Mississippi law, plaintiffs have the legal ability to amend their complaints, even as noted by Judge Lee, "at the close of trial, and even after a jury verdict." *Id*. The aforementioned cases should also make it clear that defendants have weapons at their disposal to ensure that plaintiffs do not, in fact, seek to manipulate federal removal laws. In particular, defendants have the right- which they frequently exercise - to remove cases to federal court and, if they can prove that the damages most

4

likely exceed the jurisdictional amount, then the burden falls upon the plaintiff to demonstrate to a "legal certainty" that the amount in controversy requirement is not, in fact, met. *Beichler v. Citigroup, Inc.*, 241 F.Supp. 2d 696, 700-01 (S.D. Miss. 2003). Plaintiffs almost inevitably seek to meet this burden by submitting affidavits limiting them to recovering less than the jurisdictional amount, and, as noted previously, this court takes care to ensure that these affidavits are "air tight." Indeed, this court has very recently denied a motion to remand in a case where the plaintiff declined to execute an affidavit committing herself to recovering less than the jurisdictional amount. See *Marion et al v. Rent-A-Center*, No. 2:06cv193 (N.D. Miss. June 13, 2006).

Having noted this court's concern regarding the potential for manipulation by plaintiffs in this context, the fact remains that Wal-mart did not remove this case nor obtain a binding affidavit from the plaintiff that she sought less than the jurisdictional amount prior to the expiration of the one-year limitations period. While it is perhaps understandable that the defendant failed to do so, given the apparently non-serious nature of the slip-and-fall accident in this case, the fact remains that defendant allowed some of its legal options for combating potential manipulation by the plaintiff to lapse. This court does not suggest that a defendant who fails to take such steps necessarily loses its ability to seek an equitable waiver of the one-year removal period under *Tedford*, but the court does conclude that a failure to take such steps makes a showing of manipulation more difficult. Federal removal law justifiably seeks to ensure that jurisdictional issues are resolved at an early stage of litigation. Moreover, the fact remains that plaintiff was well within her legal rights under Mississippi law in choosing to amend her complaint to seek more damages. Indeed, plaintiff is not alleged to have committed any overtly fraudulent acts such as "post-dating a notice of nonsuit" as the plaintiff in *Tedford* did.

The primary allegation of manipulation against plaintiff relates to her having stipulated that her damages were less than $75,000 in a pre-trial order entered on August 17, 2006. In the court's view, this might well constitute evidence of manipulation under *Tedford* if the stipulation had been made *prior* to the expiration of the one-year removal period. In such a situation, it might reasonably be concluded that the plaintiff was attempting to lure defendant into a false sense of security so that it would not remove the case to federal court. Such a factual scenario was clearly present in *Tedford*, where the plaintiff actually backdated an order to make it appear that it was entered before the expiration of the one-year removal period. *Tedford*, 327 F.3d 427-28. Such is not the case here, however, since the stipulation in question occurred well after the one-year removal period had already expired. Indeed, plaintiff filed her original complaint on May 2, 2004, and it is apparent that any stipulation which she agreed to in August, 2006 had no apparent relevance for federal removal purposes. In light of this fact, the court does not view this stipulation as evidence of manipulation of the federal removal process.

In light of the foregoing, this court is inclined to give some credence to plaintiff's explanation as to why she waited until late August, 2006 to amend her complaint to seek more damages. In her rebuttal brief, plaintiff explains her actions as follows:

> Plaintiff's counsel formulated plaintiff's portion of the pre-trial order based upon the medical information available to counsel at the time of its formulation. This predated August, 2006. A cursory review of the pertinent medical records of plaintiff Smith reveals that Dr. Valencia Martin, in early August, 2006, ordered an x-ray of plaintiff's left hip as well as an MRI of her left hip. Plaintiff's counsel obtained this early August, 2006 medical record contemporaneously with the telephonic conference with the trial court of August 18. ... She found as of August 15, 2006 that plaintiff Smith would require chronic therapy as well as possible physical therapy. Physical therapy was held in abeyance with plaintiff to continue to stay off work with a next appointment of August 30, 2006. This case was originally set for trial on August 22, 2006 and, as a result of this change and uncertainty in the plaintiff's

medical assessment and treatment, plaintiff sought a continuance of the case which was granted by Circuit Judge Sanders during the telephonic conference of August 18, 2006 so as to particularly allow for the results of plaintiff's August 30 Dr. Martin appointment. Plaintiff's medical records further clearly reveal that following plaintiff's visit with Dr. Martin, a physical therapy regimen was recommended which ran from September 7, 2006 until plaintiff's initial discharge on October 26, 2006. This case was also mediated, uneventfully, on November 17, 2006 where plaintiff advised that her damage claims may have to be increased due to her medical treatment, progression and development. ... Plaintiff filed her Rule 15 motion to amend in increasing her ad damnum claim on January 12, 2007, and defendant Wal-mart filed its notice of removal on January 16, 2007.

In the court's view, plaintiff's explanation is not unreasonable, and, even assuming that her delay in amending her complaint was the result of neglect of some kind, the timing of that amendment suggests that the August, 2006 pre-trial order stipulation was not part of any effort to manipulate the federal removal laws.[1]

In light of the foregoing, the court concludes that defendant has failed to establish that the *Tedford* exception to the one-year limitations period is applicable in this case. The removal of this case was untimely, and plaintiff's motion to remand is accordingly due to be granted.

It is therefore ordered that plaintiff's motion to remand [9-1] is granted, and this case is hereby remanded to the Circuit Court of Leflore County.

SO ORDERED this the 13th day of June, 2007.

**/s/ Michael P. Mills**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] Defendant suggests that a May 2, 2005 x-ray should have put plaintiff on notice that her injuries were more severe than she originally thought, but this appears to be nothing more than speculation. In the court's view, plaintiff's evidence of her doctor's visits in August and September of 2007 support her arguments that her medical condition was fluid and possibly worsening as of that late date.